**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGELIO SILVA-ESTRADA,<br><br>        Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.    16-71027<br><br>Agency No. A087-097-655<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Rogelio Silva-Estrada, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Silva-Estrada failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala*, 640 F.3d at 1097 (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). We lack jurisdiction to consider Silva-Estrada's proposed social group related to individuals from his hometown. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, his asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Silva-Estrada failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, Silva-Estrada's contention that the agency failed to give proper weight to his evidence, including his testimony, is unsupported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2